UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CASE HOLLOWAY, | ) | Case No. 1:24-cv-670 |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| OFFICER KORECZ, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Case Holloway filed this action without a lawyer against Police Officers Korecz, Young, Chesser, and Reitv of Brooklyn, Ohio. Plaintiff alleges that Defendants arrested him without probable cause and used excessive force in his apprehension. He represents that the charges against him were dismissed before trial. He asserts claims for "illegal arrest," use of excessive force, malicious prosecution, and assault and battery and seeks monetary damages.

### STATEMENT OF FACTS

In his complaint, Mr. Holloway alleges very few facts. He states that he was arrested on August 9, 2022. In the course of his apprehension, he alleges that he was tackled, tazed, kneed, and jabbed. He does not indicate the role any Defendant played in his arrest. He that contends the State dismissed charges stemming from this arrest before trial.

**STATEMENT OF THE CASE**

Plaintiff asserts four causes of action. First, he claims that, because the charges for which he was arrested were dismissed prior to trial, the officers lacked probable cause to arrest him. The Court liberally construes this allegation as a claim asserting a violation of his Fourth Amendment rights. Second, Plaintiff asserts claims for malicious prosecution because the officers lacked probable cause to arrest him and the charges were terminated in his favor. Plaintiff's third and fourth claims are related. He contends that Defendants used excessive force in violation of the Fourth Amendment and committed the torts of assault and battery. He seeks $750,000,000,000.00 in damages against Defendants in their official and individual capacities.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

I. **Individual Capacity Versus Official Capacity**

Plaintiff brings his claims against Defendants in their individual capacities and their official capacities. Individual capacity claims seek to hold a defendant personally liable for damages. Such claims must be based on the defendant's own actions. A defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated the plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City*

3

*of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Instead, individual liability requires some active unconstitutional behavior on the part of the defendant. *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless the plaintiff affirmatively pleads the direct involvement of the particular defendant in the allegedly unconstitutional action, the complaint fails to state a claim against that defendant, warranting dismissal. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Conversely, claims asserted against defendants in their official capacity are claims directed at the political entity they serve, not the individual defendant. In this case, the claims asserted against Defendants in their official capacity are claims directed at the City of Brooklyn, Ohio. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). These claims must be based on constitutional violations that occurred as the result of the City's own official policy enacted by its lawmakers, *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the City's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law, *Monell*, 436 U.S. at 691.

### I.A. Individual Capacity

Plaintiff fails to state a claim against any Defendant in his or her individual capacity. The complaint contains no indication of if or how each officer was involved in the actions described in the complaint. Absent allegations of personal involvement

4

by each officer, Plaintiff fails to state a claim against them in their individual capacities.

### I.B. Official Capacity

Plaintiff also fails to state a claim against the City of Brooklyn, Ohio. He does not identify an ordinance enacted by the City that led to the actions he contests. Nor does he allege facts suggesting that the actions at issue were the result of an official custom of the City of Brooklyn as opposed the actions of individuals employed by the City. As a result, Plaintiff fails to state a claim against the officers in their official capacities.

## II. Fourth Amendment

Even if Plaintiff alleged facts suggesting that the officers were personally involved in his arrest, he fails to state a claim for violation of his Fourth Amendment rights.

### II.A. Probable Cause

Because the charges against him were dismissed before trial, Plaintiff contends that the officers lacked probable cause to arrest him. This assertion fails to state a claim as a matter of law. To make an arrest, an officer must have probable cause to believe the person arrested committed a crime—a lower standard than what is needed to secure a conviction at trial, which requires proof beyond a reasonable doubt that the accused committed the offense charged. Plaintiff provides no allegation regarding how or why the arrest transpired. Because his claims for "illegal arrest" and malicious prosecution require Plaintiff to plead and prove facts that the

5

officers lacked probable cause to arrest him, the claims fail to meet the basic standard for pleading under Rule 8.

### II.B. Excessive Force

The Fourth Amendment and its reasonableness standard also governs Plaintiff's claims for use of excessive force during his arrest. *Graham v. Connor*, 490 U.S. 386, 395–96 (1989). That standard requires the officers' use of force to be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the arrest. *Id*. at 396. This standard contains a built-in measure of deference to the officers' "on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Id*. An officer making an arrest has "the right to use some degree of physical coercion or threat thereof to effect it." *Id*. at 396. The question is whether, under the totality of the circumstances, the officers' actions were objectively reasonable. *Miller v. Sanilac Cnty.*, 606 F.3d 240, 251 (6th Cir. 2010); *Fox v. DeSoto*, 489 F.3d 227, 236–37 (6th Cir. 2007) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001)). Here, Plaintiff alleges that he was tackled, tazed, kneed, and jabbed in the course of his arrest. But he does not allege the circumstances of his arrest, making it impossible to determine whether those actions were excessive or whether they were entirely reasonable under the circumstances. Accordingly, Plaintiff fails to state a claim for use of excessive force.

### III. State-Law Tort Claims

Finally, Plaintiff asserts claims for the torts of assault and battery, which arise under State law. Supplemental jurisdiction exists whenever State and federal claims

arise from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). However, the Court may exercise discretion in hearing State law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the State law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's State law claims. Therefore, the Court **DISMISSES** the State-law claims **WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915(e), the Court **DISMISSES** Plaintiffs claims arising under federal law and **DISMISSES WITHOUT PREJUDICE** his State-law claims.

**SO ORDERED.**

Dated: June 18, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio